MARJORIE JOHNSON, Plaintiff-Appellee, *v.* DORIS WATSON, Defendant-Appellant.

(No. 70-14; ▆▆▆▆▆▆▆)

Third District—January 7, 1971.

Thomas V. Cassidy, of Peoria, for appellant.

Harold H. Kuhfuss, of Pekin, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Marjorie Johnson, commenced this action in the Circuit Court of Tazewell County against Doris Watson, Defendant-Appellant, seeking damages for personal injury arising out of the alleged negligent operation of an automobile. Defendant counterclaimed for damages arising from the same incident. A jury found the issues in favor of plaintiff, assessed her damages at $10,000 and held against defendant on her counterclaim. Defendant's post trial motion for judgment notwithstanding the verdict and for a new trial was denied and this appeal follows.

This action is based on an automobile collision occurring at the intersection of Distillery Road and Second Street in Pekin, the intersection being controlled by a traffic light. Each party contended the other had entered the intersection against the red light.

According to her testimony, plaintiff Johnson was operating her automobile south on Second Street at about 30 miles per hour. As she approached the intersection the light controlling traffic travelling in her direction was green and continued green until she entered the intersection. Some three car length from the intersection she saw defendant's vehicle on Distillery Road facing West. The Watson automobile was either stopped or inching into the intersection according to Johnson. Thereafter the Watson automobile accelerated into the intersection but Johnson was unable to stop and the right front of her vehicle collided with the left front of the Watson automobile.

According to defendant Doris Watson, she approached the intersection in question, stopped because of the red light against her and after the light changed proceeded into the intersection not seeing plaintiff's vehicle. She first saw plaintiff's car moments before the impact. James Watson, husband of defendant was a passenger in her car and testified to the events preceeding and after the collision.

Other witnesses testified concerning the location and condition of the vehicles after the collision and to facts prior to the collision although none of the witnesses indicated that they actually saw the collision take place.

In seeking to reverse the trial court judgment, defendant argues the evidence is insufficient to support the jury's verdict, prejudicial errors occurred during the trial and the amount of the verdict is excessive.

■■ The first assignment of error which we shall consider is defendant's argument that insurance was improperly injected into the trial as a result of improper *voir dire* examination of prospective jurors. It seems to be defendant's argument that plaintiff made no showing of good faith as

required by *Wheeler v. Rudek*, 397 Ill. 438, 74 N.E.2d 601 and *Haymes v. Catholic Bishop of Chicago*, 41 Ill.2d 336, 243 N.E.2d 203, before inquiring of the jurors concerning any relationship with insurance or insurance companies. The record does not support such contention. Defendant was admittedly an employee of Pekin Farmers Insurance Company, The Insurance Company has its home office in Pekin, Illinois, site of the trial, employs a large number of persons and generally has relations with many people in the area. Consequently the *voir dire* examination could properly have been and it was directed to ascertain any relation between the prospective juror or his family and the insurance company as defendant's employer. Under such circumstances no improper issue of insurance was injected into the trial.

Defendant also charges error in that testimony was permitted from which it might be inferred that defendant was arrested for a traffic violation resulting from the incident and may have been convicted therefore. According to defendant she was neither arrested nor convicted and any implication to the contrary was improper and prejudicial.

The basis for this alleged error is in the cross examination of defendant in which she was asked in specific detail whether she had made certain prior statements concerning the time of the incident and the location of the car. Plaintiff's counsel in his foundation questioning referred to statements made by the defendant under oath in a room of the courthouse on a specified date. In response the defendant said "would that be the traffic court you mean?" to which question counsel replied "yes" and the witness stated "yes". A number of additional questions elicited the statements which defendant had made on the prior occasion without any reference to "Traffic Court" or arrest. After a number of questions, defendant's counsel made an objection in the form of a statement that he was entitled to know where and under what circumstances the statement was made.

At plaintiff's request a hearing was held outside the presence of the jury regarding defendant's statement or objection. The Court concluded that an adequate foundation had been laid and that the matter of "Traffic Court" had been injected by the witness herself and that under the circumstances no improper inferences could be drawn from such inadvertent remark and no further clarification or explaination was required or would be proper. This was the only reference to any fact relating to possible arrest and trial of defendant until the conference on instructions. At the close of the conference defendant's counsel made an offer of proof to the effect that defendant was never arrested for any traffic violation arising out of this incident. The trial court declined such offer of proof. On this appeal, in addition to insisting that plaintiff was re-

sponsible for some innuendo improperly suggesting defendant's arrest and conviction for a traffic violation, defendant also suggests that the line of questioning for purposes of impeachment related to immaterial matters and therefore was erroneous. We believe it sufficient to say that no objection was made by defendant to most of the questions now complained of and having failed to make such objections at the time of the alleged error or in her post trial motion such alleged errors may not be urged for the first time on review. Furthermore whatever innuendo defendant now insists was erroneous was the result of her own remark and not solicited by plaintiff. Indeed questions by plaintiff's counsel carefully avoided any references implying or inferring that defendant had been arrested or convicted of a traffic charge. We have no quarrel with defendant's contention that the conviction of a party after a trial on a traffic charge is inadmissible in a civil proceeding but that is not what happened in the case at bar.

Defendant also contends that the *Pedrick* rule (*Pedrick v. The Peoria and Eastern Railroad Company*, 37 Ill.2d 494, 229 N.E.2d 504) requires that she be granted judgment notwithstanding the verdict because the evidence is insufficient to present a jury question. We find no merit to this contention.

■■ We believe it unnecessary to recount the evidence in detail. It is sufficient to say that defendant, in her view of the evidence, has ignored the principal admonition of the *Pedrick* rule namely that all of the evidence must be considered in its aspect most favorable to the opposing party. Defendant characterizes the testimony of plaintiff as impeached or equivocal and the testimony of other witnesses as being as favorable to defendant as plaintiff. Depreciating the quality of plaintiff's evidence is argumentative and does not eliminate the fact that there is substantial evidence supporting plaintiff's claim.

■■ As indicated above, the principal issue involved which of the parties had the right of way so far as the traffic lights were concerned. The jury's verdict favoring plaintiff is supported by a related issue disclosed by the testimony of defendant herself. According to defendant she did not see plaintiff's vehicle until just before the collision. Although defendant said that she looked in both directions but did not see defendant's vehicle, the evidence of a collision is such that it shows plaintiff's vehicle was there and the question arises whether defendant looked or not. We hold that there was conflicting evidence requiring resolution by the jury and that the jury verdict is supported by ample evidence.

This brings us to defendant's last assignment of error namely that the amount of the verdict is excessive. As a result of the impact, plaintiff's head went through or against a broken windshield causing multiple lacerations on her face and neck. She also sustained bruises and strains to

other parts of her body. The only permanent conditions were several scars on her face which according to plaintiff were painful and sensitive. Her treating physician testified that there would be no improvement in such scars resulting from natural healing. An examining physician testified that the appearance of the scars could be improved by plastic surgery but the condition could not be completely alleviated.

Plaintiff sustained loss of wages of approximately $100.00 and incurred medical and hospital expenses of about $900.00. The estimated expenses of the plastic surgery including hospitalization, medical expenses and loss of earnings if such operation is undertaken in the future, amount to from $600.00 to $800.00 dollars.

■■ Included in defendant's argument concerning excessiveness of the verdict is her contention that the damage instruction given at the request of plaintiff was erroneous and prejudicial. Since defendant interposed no objection to the damage instruction, any alleged error may not be raised for the first time on appeal. However we do not believe the instruction was erroneous and therefor could not have contributed to what defendant now claims was an erroneous verdict.

■■ In our view the amount of the verdict is within the range of testimony. (*Lau v. West Towns Bus Company,* 16 Ill.2d 442, 158 N.E.2d 63.) Defendant's apparent dissatisfaction with the amount is based on a very narrow view of the damage evidence. In particular defendant appears to believe that there can be no permanent injury unless there is a permanent disability measured in specific terms of unemployability or loss of function of some part of the body. Such factors are not the only factors included in the assessment of damages and we believe the evidence is sufficient to support the jury's verdict.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.